IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02341-LTB

TRAVIS HODSON,

    Plaintiff,

v.

STEVE REAMS,

    Respondent.

---

ORDER GRANTING MOTION FOR RECONSIDERATION
AND REINSTATING CASE

---

    This action was dismissed without prejudice in a December 8, 2015 Order (ECF No. 9) because Applicant failed to pay the $5.00 filing fee by November 23, 2015, as directed in an October 23, 2015 Order (ECF No. 5). On December 30, 2015, Mr. Hodson filed a Letter (ECF No. 11), in which he states that he placed the $5.00 filing fee payment in the mail on November 10, 2015. The Court must construe the Letter liberally because Mr. Hodson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be construed liberally as a motion for reconsideration.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within

twenty-eight days after the judgment is entered.   See Fed. R. Civ. P. 59(e).   Plaintiff's motion to reconsider was filed 22 days after a final Judgment was entered dismissing this action on December 8, 2015.   Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e). See *Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."   *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).

Plaintiff states in the Letter that a check in the amount of $5.00 was sent to the court clerk on November 20, 2015 to pay the filing fee in this action. (ECF No. 11).   The docket in this case did not reflect that the filing fee was paid at any time before the action was dismissed.   However, upon receiving Mr. Hodson's Letter, the Court made further inquiries with the finance department and learned that the filing fee was paid in this case on November 13, 2015.   Due to an inadvertent docketing error, the docket failed to reflect that the filing fee was paid prior to entry of the dismissal order.

Because Mr. Hodson did pay the filing fee by the court-ordered deadline, the Court finds that the interests of justice warrant the reinstatement of this action.   Accordingly, it is

ORDERED that the Letter (ECF No. 11), filed, *pro se*, by Plaintiff on December 30, 2015, which the Court has construed liberally as a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e), is GRANTED.   It is

FURTHER ORDERED that the December 8, 2015 Order of Dismissal and Judgment (ECF Nos. 9, 10) are VACATED.   It is

FURTHER ORDERED that the Clerk of the Court reinstate and return this action to the Pro Se Docket.

DATED January 28, 2016, at Denver, Colorado.

BY THE COURT:

　　s/Lewis T. Babcock　　　　　　　　　
LEWIS T. BABCOCK, Senior Judge
United States District Court