IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02341-GPG

TRAVIS HODSON,

      Applicant,

v.

STEVE REAMS,

      Respondent.

_____

ORDER OF DISMISSAL

_____

Applicant Travis Hodson, acting *pro se*, initiated this action by filing an Application

for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and

Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.

Applicant was denied his request to proceed pursuant to § 1915 and subsequently paid

the $5 filing fee on November 13, 2015.

The Court must construe the Application liberally because Applicant is not

represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an

advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons stated

below, the action will be dismissed.

Applicant asserts that the public defender representing him in his current state

criminal proceeding, Case No. 13CR1106, is ineffective because he (1) ordered a second

incompetency evaluation of Applicant; (2) is "prejudice about the rules of evidence"; (3) is

biased and prejudice, which has caused errors in the judicial proceedings; (4) does not

consult with Applicant before he makes a decision; and (5) violated the client-attorney

privilege when he consulted with Dr. Wachtel about Applicant's defense.   ECF No. 1 at 3

and 5-8.   Applicant further asserts that he is competent to proceed because he has

shown "factual findings of competence."   *Id.* at 8.

Absent extraordinary or special circumstances, federal courts are prohibited from

interfering with ongoing state criminal proceedings.   *See Younger v. Harris*, 401 U.S. 37

(1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).   Abstention under

*Younger* is jurisdictional in nature, *see D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223,

1228 (10th Cir. 2004), and is appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or
> administrative proceedings.   Second, the state court must
> offer an adequate forum to hear the federal plaintiff's claims
> from the federal lawsuit.   Third, the state proceeding must
> involve important state interests, matters which traditionally
> look to state law for their resolution or implicate separately
> articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).   If the three requirements are

met, and no exceptions to *Younger* apply, a federal court must abstain from hearing the

case.   *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th

Cir. 2001).

The first condition is met because Applicant's charges remain pending against him

in his state court criminal case.   ECF No. 1 at 5 and 10 (Applicant has been found

incompetent to proceed with Case No. 13CR1106 and asks that his criminal proceeding

be removed to this Court for further consideration of the pretrial proceedings.).   The

second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).   Applicant fails to demonstrate that the state criminal proceeding is not an adequate forum to hear his claims that his public defender is ineffective.   He concedes that he has raised the ineffective assistance of counsel claims in state court.   ECF No. 1 at 8.

Accordingly, the state court proceeding offers Applicant a forum to raise his constitutional challenges and the adjudication of this federal lawsuit would unavoidably invade the state court's ability to decide the same issues.   *See Younger,* 401 U.S. at 43-44; *see also Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-12 (1987) (noting that *Younger* abstention " 'offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests' ") (quoting *Moore v. Sims*, 442 U.S. 415, 429-30 (1979))).

With respect to the third condition, the State has an important interest in the administration of its Criminal Code, *see Penzoil*, 481 U.S. at 12-13, as well as the state competency procedures set forth in Colo. Rev. Stat. §§ 16-8.5-101-118.

To establish extraordinary or special circumstances, Applicant must be facing an irreparable injury that is both great and immediate.   *See Younger*, 401 U.S. at 46.   The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).   Applicant, however, "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions

undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.' " *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id.* It is Applicant's " 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* at 890.

To the extent that Applicant may be attempting to assert that his prosecution is being conducted to harass him by conducting multiple competency evaluations, competency may be of concern when a defendant does not waive an incompetency defense or a competency procedure is not constitutionally adequate or procedures are not properly applied. *See, e.g., Pate v. Robinson,* 383 U.S. 375, 385 (1966) (discussing application of Illinois competency statutes in conjunction with holding that petitioner did not waive defense of incompetency to stand trial); *Drope v. Missouri*, 420 U.S. 162 (1975) (concluding that Missouri competency procedures were constitutionally adequate, but not properly applied).

Here, however, Applicant is claiming he is competent to proceed with his trial, and his trial has been unnecessarily delayed due to a second request for a competency evaluation. Applicant challenges the public defender's request for a second evaluation

and Applicant appears to assert that he has demonstrated competence but still has been deemed incompetent.   *Id.*   Applicant's generic statement that he has shown factual findings of competence does not demonstrate a violation of his constitutional rights that he is not able to challenge in a state court forum; and his claims regarding the competency proceedings are vague and conclusory.   ECF No. 1 at 8.

Furthermore, the state incompetency procedures are designed to protect a criminal defendant's federal due process rights.   *See Jones v. District Court*, 617 P.2d 803 (Colo. 1980) (citing Supreme Court due process precedent); *Bloom v. People*, 185 P.32d 797 (Colo. 2008).   Applicant's claims indicate that the trial court is endeavoring to ensure that Applicant's criminal case does not proceed until he is restored to competency.   *See Palmer v. Schneider*, 699 F.2d 322, 324-25 (6th Cir. 1983) (dismissing action under *Younger* where plaintiff was indicted by state court for murder but found incompetent to stand trial, and no irreparable injury occurred because there was no evidence that state officials had acted in bad faith and plaintiff had never been tried for murder).

Pursuant to Colo. Rev. Stat. § 16–8.5-116(2), the trial court must review the issue of Applicant's competency every three months, which based on Applicant' assertions this most likely is happening.   Furthermore, absent a showing of bad faith, the extraordinary circumstances would not be demonstrated even if an applicant has been adjudicated incompetent incorrectly under state statutory procedures.   *See Younger*, 401 U.S. at 46-47.

Applicant fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success.   He also fails to demonstrate any improper

motivation for the charges.   Finally, there is no indication that the criminal case against Applicant has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion.   Applicant fails to state any facts to indicate that he will suffer great and immediate irreparable injury if this Court does not intervene in the ongoing state court criminal proceedings.   His claims are conclusory and insufficient to meet the exception to *Younger* abstention.   "[I]t is the [applicant's] heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment."   *Phelps*, 122 F.3d at 889 (internal quotation marks omitted).

Finding no *Younger* abstention doctrine exceptions apply and Applicant has failed to demonstrate extraordinary circumstances, this Court will abstain from exercising jurisdiction over the Application.

Because the Court abstains from exercising jurisdiction over the Application, the Court will refrain from discussing exhaustion issues.   Applicant is instructed that if he is convicted and his conviction and sentence are ultimately upheld in state court, and he believes that his federal constitutional rights were violated, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

In summary, the instant action will be dismissed because Applicant is subject to a criminal proceeding and he fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in the ongoing state court criminal proceedings.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).

If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file

a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth

Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without

prejudice for lack of jurisdiction.   It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right or that

this court was incorrect in its procedural ruling.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this   22nd   day of _____March_____, 2016.

BY THE COURT:

____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court